**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

NOV 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JERRY HILL,

　　　　Plaintiff-Appellant,

　　v.

RAND BEERS, Secretary, United States
Department of Homeland Security,

　　　　Defendant-Appellee.

No.　14-35388

D.C. No. 3:12-cv-00574-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Argued and Submitted November 9, 2016
Portland, Oregon

Before: McKEOWN, W. FLETCHER and FISHER, Circuit Judges.

　Jerry Hill appeals an adverse judgment on his claim under the Age

Discrimination in Employment Act (ADEA). We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

　[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

To establish a prima facie case of failure to hire on the basis of age under the ADEA, plaintiffs must demonstrate they were within the protected class of individuals, they applied for a position for which they were qualified and a younger person with similar qualifications was hired for the position. *See Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir. 1987).

Hill's challenge to the agency's June 27, 2007 decision to advertise the position fails. The June 27 decision was not a hiring decision but an interim step in the overall hiring process. It was not therefore a separately actionable adverse employment action under the ADEA. *Cf. Brooks v. City of San Mateo*, 229 F.3d 917, 929-30 (9th Cir. 2000) (holding a negative performance evaluation "was not an adverse employment action because it was subject to modification by the city").

Hill's challenge to the government's ultimate hiring decision fails because he neither applied for the position nor presented evidence from which a reasonable jury could find he reasonably believed applying would have amounted to a futile gesture. *See Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1246 (9th Cir. 2010); *Reed v. Lockheed Aircraft Corp.*, 613 F.2d 757, 761-2 (9th Cir. 1980). In the declaration he submitted to the district court, Hill said he believed applying would have been futile because the government had already rejected his application once. This evidence is insufficient. The mere fact that the government decided not to hire him

through a closed process, without more, would not have led a reasonable person in Hill's position to believe applying for the position on a competitive basis would have been futile.

Hill argues applying would have been futile for additional reasons, but his contentions lack evidentiary support. He points to statements allegedly made by key decision makers, including Gale Rossides, Mike Restovich and Thom Quinn, regarding the agency's intention to replace older workers with younger workers. He also points to statistical evidence showing that none of 58 rehired annuitants who expressed an interest in continuing in their temporary positions on a permanent basis was invited to do so, and that at most one of the seven rehired annuitants who applied to fill their temporary positions on a permanent basis was hired. Hill, however, has not presented evidence, as the summary judgment standard requires, to show he was aware of the statements by Rossides or Restovich or that he relied on those statements in deciding not to apply. He likewise has failed to present evidence to show the hiring decisions affecting other rehired annuitants predated his decision not to apply, to show he was aware of those other hiring decisions or to show the other decisions caused him not to apply. With respect to Quinn, Hill says he was aware of discriminatory statements made by Quinn, but the only document he relies on to show Quinn made the statements

3

and his awareness of them is his own interrogatory responses. Such responses are not proper evidence. *See Grace & Co. v. City of Los Angeles*, 278 F.2d 771, 776 (9th Cir. 1960) ("Normally, a party may not introduce his self-serving answers to an opponent's interrogatories."). In light of these evidentiary flaws, Hill's contentions fail.

**AFFIRMED.**